UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DMYTRO MOKANU
(A-Number: 233-355-229),

               Petitioner,

     v.

FACILITY ADMINISTRATOR
CALIFORNIA CITY PROCESSING
CENTER, et al.,

               Respondents.

No.  1:26-cv-05400-KES-CDB (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner Dmytro Mokanu is an immigration detainee proceeding pro se with a petition for writ of habeas corpus.  Doc. 1.  The Court has previously addressed the legal issues raised by the petition—that when a noncitizen has been paroled into the United States and is subsequently re-detained, due process requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community.  *See, e.g.*, *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025).

Respondents do not address this issue.  Rather, they argue that "[p]etitioner entered the United States illegally" and "is thus an 'applicant for admission' who is subject to mandatory immigration detention under 8 U.S.C. § 1225(b)."  Doc. 5 (citing *Joaquin Herrera Avila v. Bondi*, No. 25-3741 (8th Cir. March 25, 2026), and *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026)).  But the Ninth Circuit rejected respondents' statutory argument in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th

1

Cir. July 30, 2026).

Respondents acknowledge that this "case is in the category of immigration habeas cases for which the Court has typically ordered immediate release" and do not request that the Court order an alternative remedy. *See* Doc. 5. They further "request to submit on this pleading alone without additional documentation or briefing and request that the Court rule on the Petition in its entirety." *Id.*

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

Respondents are ORDERED to release petitioner Dmytro Mokanu (A-Number: 233-355-229) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:   August 4, 2026

_____
UNITED STATES DISTRICT JUDGE

2